STUBBE, PETITIONER, v. CAMPILLO, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of San Juan in an Action for Nullity of Contract.

No. 325.—Decided July 7, 1921.

APPEAL—TRANSCRIPT OF RECORD—EVIDENCE.—Perhaps such special circumstances might concur in a case as to make it an exception to the provisions of section 2 of Act No. 27 of November, 1917, requiring that the stenographic record shall contain copies of all the documents admitted in evidence; but when the plaintiff offers in evidence at the trial, the defendant not appearing, the whole record of a case and it is admitted by the court without reservation or condition, it is erroneous for the court, when the appellant submits the transcript for approval, to enter an order at the plaintiff's instance that only certain parts of the said record offered in evidence shall be transcribed and leaving out the remaining documents as immaterial.

The facts are stated in the opinion.

*Mr. C. Coll Cuchí* for the petitioner.

*Mr. José de Guzmán Benítez* for the intervenor.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 12, 1917, Pedro Gandía Córdova brought an action in the District Court of San Juan, Section 1, against Johann D. Stubbe for the annulment of the instrument of dissolution and liquidation of the partnership of Gandía & Stubbe executed by them on July 24, 1916, and for the dis-

solution and liquidation of the said partnership after taking an inventory and striking a balance of the actual condition of the assets and liabilities of the firm. At the trial only the plaintiff appeared and he offered in evidence, among other things, the record of case No. 12,213, which bore No. 830 of Section 2 of the said court before it was transferred to Section 1, it being an action by the same Pedro Gandía Córdova against Arturo Trías and Johann D. Stubbe for the liquidation of the mercantile partnership of Gandía & Stubbe and the removal of the liquidator, Arturo Trías. The record was admitted in evidence by the court and marked Exhibit No. 38.

The District Court of San Juan, Section 1, on October 28, 1920, entered judgment in the action for annulment against Johann D. Stubbe, sustaining the complaint, and Stubbe appealed to this court from that judgment.

Under Act No. 27 of November 27, 1917, appellant Stubbe moved the court to order the stenographer to prepare a transcript of the testimony offered and admitted, of the documentary evidence offered and admitted and of all the allegations, acts or statements of the court, as well as of all the objections and exceptions made and taken by the attorneys and of all questions and matters therewith connected for the purposes of the appeal, and the court so ordered on November 29, 1920, the stenographer having complied with that order.

The 9th of May, 1921, having been set for the approval of the transcript of the stenographic record, the appellee moved the court to strike out several documents from the transcript of the record of case No. 830 and the court, over the objection of appellant Stubbe, entered an order on May 24, 1921, striking from the transcript the whole of Exhibit 38 with the exception of the complaint, the answer and the judgment, granting the appellant two days within which to file an amended transcript, as the court was of the opinion that the only purpose of the plaintiff in introducing the

record of case No. 830, marked Exhibit 38, was to show that an action had been brought in Section 2 by the plaintiff against the same defendant and therefore a transcript of the complaint, the answer and the judgment was sufficient, and because a transcript of the whole record, which is impertinent matter, would only increase the volume of the transcript by more than 400 pages and fill it with documents which have no connection with the case and were not considered by the court in rendering its judgment, thus making the consideration of the appeal by the Supreme Court more difficult.

Under the foregoing facts which appear from the original record of the case brought up to this court Johann D. Stubbe petitioned for a writ of certiorari for the purpose of reviewing and setting aside the order of the lower court of May 24, 1921, striking the said evidence from the transcript of the record.

The petitioner alleges that the record marked Exhibit No. 38 was introduced in evidence by the plaintiff himself, who therefore could not eliminate any of the documents included therein, and cites Section 2 of Act No. 27 of November 27, 1917.

Section 2 of that Act reads as follows:

"That upon receipt of said application (for the preparation of the transcript) it shall be the duty of the court to direct·the stenographer thereof to transcribe faithfully and completely the stenographic record of the hearing. Within twenty days after so directed by the court, the stenographer shall prepare a transcript of the stenographic notes of the hearing, including in such transcript a copy of all documents offered and admitted in evidence, and of any other matter the inclusion of which in the transcript may have been requested in the application, and shall deliver the same to the secretary of the aforesaid court. When said transcript shall have been delivered to the secretary the judge shall set a day for its approval  *  *  * . On the day set for its approval the judge shall examine and see that the same is an exact, true and correct copy of the proceedings had at the hearing, of the testimony offered and taken, of the evidence offered and admitted, rulings and statements of the court, and of all objections

and exceptions of the attorneys and of the particulars in connection therewith. In said proceeding the parties may request the inclusion of all such documents, records or particulars as should be included therein, pursuant to the results of the litigation, for greater accuracy. The judge shall then certify the said transcript to be true and correct * * * ."

This statute shows that the petitioner is right.

The record of case No. 830 was offered in evidence by the plaintiff and admitted by the court, being marked Exhibit No. 38. The plaintiff did not indicate in any way that his purpose was to show by this evidence that an action had been brought in Section 2 by the plaintiff against the same defendant. The court admitted the evidence without any such indication and without any reservation, so that the whole record of case No. 12,213, which was No. 830 of Section 2 before its transfer, came to be a part of the evidence. It was too late for the court to classify the whole record as impertinent in its order striking several documents therefrom. And it is of no importance that the court states that in rendering the judgment it took no account of the eliminated documents, for these documents might serve the appellant as a support for the appeal, albeit we neither affirm nor deny this possibility.

Perhaps there may be special circumstances constituting an exception to the provisions of section 2; but however that may be, the appellee, who, as we have said, offered in evidence the record of case No. 830, marked Exhibit No. 38, which was admitted by the court without reservation, has not shown satisfactorily the existence of such circumstances; therefore we have no basis upon which to consider whether this case of eliminated evidence can be regarded as an exception to section 2 of Act No. 27 of November 27, 1917.

It does not matter that counsel for Stubbe has appealed from the order of May 24, 1921; for, according to the jurisprudence of this court, the remedy by certiorari may be

invoked notwithstanding an appeal, if the former is more speedy and efficacious for the ends of justice.

Nor is Rule 55 of this court providing for the correction of any error or defect in the transcript and invoked by the respondent at the hearing, applicable to the present case.

For the foregoing reasons the petition for a writ of certiorari must be sustained and the order of the District Court of San Juan, Section 1, of May 24, 1921, set aside, remanding the record to the said court for the corresponding purposes.

*Reversed and remanded.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.